

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TYEASHA MEDINA<br>PPA ANNE MARIE MEDINA | : | CIVIL ACTION NO.<br>3:02 CV-1330 (AWT) |
| V. | : | |
| SEA WORLD OF FLORIDA, INC. | : | OCTOBER 20, 2003 |

**MOTION TO COMPEL**

**Note: This Motion is requested to be decided by Wednesday, October 22, 2003 as depositions are scheduled in Florida on October 23, 2003.**

This is an action arising out an accident that occurred on October 4, 2001 at Seaworld in Orlando, Florida. The plaintiff, a five-year old girl was playing in the play area known as the Vinyl Mountain, which is a play area that only small children are permitted to enter under the supervision of representatives of the defendant. Adults are not permitted to accompany their children while they are playing. Inside the play area, children may climb and slide down a pyramid, which is made of vinyl and has ropes for children to climb. The plaintiff climbed on the pyramid by using the rope and fell and suffered a broken elbow. The plaintiff brought an action against Seaworld, alleging, inter alia, that the defendant failed "to properly supervise, maintain and inspect the area where the minor plaintiff was playing at the time of her injury. (Amended Complaint, ¶ 7(c))

On September 10, 2003, the plaintiff noticed several depositions in Florida at Seaworld for Thursday, October 23, 2003. The notice contained a request for production that sought "incident reports for guests injured while playing in the play area known as the Vinyl Mountain, prior to and subsequent to October 4, 2001." On October 14, 2003, the defendant objected to producing incident reports that concern accidents that are not substantially similar to the accident in question, i.e., children climbing and actually falling from the plastic pyramid itself, because the request was overbroad and not reasonably calculated to lead to the discovery of admissible evidence. (See Defendant's Objection, attached hereto.)

The plaintiff contends that all incidents of children falling and suffering injuries inside the play area are discoverable. The standard for discovery is necessarily broad in advance of trial. Under FRCP Rule 26(b)(1), relevant information need not be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. According to the Advisory Committee Notes to the Rule 26(b)(1), "[s]ince decisions as to relevance to the subject matter of the action are made for discovery purposes well in advance of the trial, a flexible treatment of relevance is required." The plaintiff has alleged that the defendant has failed to supervise the small children who are permitted into the plastic pyramid play area. Other incidents of children getting hurt within the

discoverable with respect to plaintiff's claim that the defendant failed to supervise the small children who are permitted to enter the play area. Such information may show that the defendant was on notice that small children in the play area can get hurt by falling and therefore young children need to be properly supervised by the defendant.

The plaintiff therefore moves to compel the production of incident reports of accidents where children were injured within the plastic pyramid play area prior to the accident involved here. While the plaintiff's request is not time limited, the plaintiff will agree to limit the request to incidents within five years prior to the plaintiff's accident.

An affidavit pursuant to Local Rule 37 is attached.

THE PLAINTIFF,

BY__________________________
William P. Yelenak
For: Moore, O'Brien,
Jacques & Yelenak
Her Attorneys

**ORDER**

The foregoing Motion, having been duly heard by the Court it is hereby

ORDERED: GRANTED / DENIED

BY THE COURT

______________________________

JUDGE/CLERK

**CERTIFICATION**

This is to certify that a copy of the foregoing was faxed, mailed, postage prepaid, on October 20, 2003 as follows:

David B. Zabel, Esq.
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604

G. Mark Thompson, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
Landmark Center One
315 East Robinson Street; Suite 475
Orlando, FL 32801-2719

By______________________
William P. Yelenak

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

TYEASHA MEDINA
PPA ANNE MARIE MEDINA

CIVIL ACTION NO.
3:02 CV-1330(AWT)

V.

SEA WORLD OF FLORIDA, INC.

(October 14, 2003)

**DEFENDANT, SEA WORLD OF FLORIDA INC.'S**
**OBJECTIONS TO NOTICE OF DEPOSITION**

Defendant, SEA WORLD OF FLORIDA, INC., by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 30, hereby files this, its objections to plaintiffs' September 10, 2003 notice of deposition and states as follows:

Defendant, SEA WORLD OF FLORIDA, INC., objects to plaintiffs' request for the Rule 30(b)(6) designee to produce at deposition "all incident reports for guests injured while playing in the play area known as the Vinyl Mountain, prior to and subsequent to October 4, 2001." It does so for the same reason it objected to plaintiffs' interrogatories no. 9, 10, 11 and 12, which sought similar information. That is to say, the request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. As currently drafted, the request is unlimited to time, causes, conditions or circumstances substantially similar to those at issue in this case. Furthermore, this lawsuit concerns what defendant knew or should have known, did or should have done, prior to the occasion of the accident. What has occurred since then has neither been alleged nor shown to be relevant in any way.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been duly furnished by facsimile transmission and U. S. mail delivery to William Yelenak, Esquire, MOORE, O'BRIEN, JACQUES & YELENAK, 700 W. Johnson Ave., Suite 207, Cheshire, CT 08410-1135 and David B. Zabel, Esq., COHEN & WOLF, P.C., 1115 Broad St., Bridgeport, CT 06604, this 14TH day of October 14, 2003.

G. MARK THOMPSON, ESQUIRE
Federal Bar No.: ct24845
MARSHALL, DENNEHEY, WARNER, COLEMAN, & GOGGIN
A Professional Corporation
Landmark Center One
315 E. Robinson Street, Suite 475
Orlando, FL 32801-2719
Telephone: 407-246-0668
Telecopier: 407-839-3008
E-Mail: mthompson@mdwcg.com

Co-Counsel for Defendant,

SEA WORLD OF FLORIDA, INC.

**AFFIDAVIT OF COUNSEL**
**PURSUANT TO LOCAL RULE 37**

The undersigned, being first duly sworn, hereby deposes and says:

1. I am over eighteen years of age and believe in the obligations of an oath.

2. I have conferred with counsel for the defendant, Mark Thompson, concerning the discovery dispute.

3. Despite good faith efforts from counsel, this dispute cannot be resolved and intervention by the court is necessary.

4. The undersigned requests that this matter be heard before counsel convenes depositions in Florida, now scheduled for Thursday, October 23, 2003.

William P. Yelenak

Subscribed and sworn to before me, the undersigned authority.

October 20, 2003

Colleen McCuddy

Notary Public
My commission expires: 3-31-07