UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TYEASHA MEDINA
PPA ANNE MARIE MEDINA                      CIVIL ACTION NO.
                                           3:02 CV-1330(AWT)
V.

SEA WORLD OF FLORIDA, INC.                 October 21, 2003

**DEFENDANT, SEA WORLD OF FLORIDA INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
SERVED ON OCTOBER 20, 2003**

     Defendant, SEA WORLD OF FLORIDA, INC. ("SEA WORLD"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26 and Local Rule 7 of the United States District Court of Connecticut, hereby files its Memorandum in Opposition to Plaintiffs' Motion to Compel originally served on October 20, 2003. As will be fully set forth below, Plaintiffs' request for all incident reports for guests injured while playing in the play area known as the Vinyl Mountain prior to October 4, 2001, is overly broad, irrelevant and not calculated to lead to the discovery of relevant admissible evidence.

     Plaintiffs served a Notice of Taking Deposition on September 10, 2003. Attached to the Notice of Taking Deposition was a request that the deponent bring seven (7) categories of documents. The objection before this court concerns Plaintiffs' first and second request which states for deponent to bring:

     1.    All incident reports for guests injured while playing in the play area known as the Vinyl Mountain prior to and subsequent to October 4, 2001.[1]

---

[1] Although Plaintiffs and Defendant cannot fully agree as to the scope of discoverability for prior incidents, Plaintiffs and Defendant have agreed prior to hearing to limit production of incident reports to prior to October 4, 2001.

      2.    All incident reports for guests injured while playing in the play area known as the Vinyl Mountain on October 4, 2001, including the incident report for this accident.

A copy of the Notice of Taking Deposition is attached hereto as Exhibit "A." In this case, Plaintiff, a minor child, was allegedly playing on the structure known as the Vinyl Mountain. Specifically, Plaintiff allegedly slipped while attempting to climb the Vinyl Mountain with a rope. Contrary to Plaintiff's assertions contained in his Motion to Compel, adults are permitted within the perimeter of the Vinyl Mountain, with the exception that adults may not physically climb the Vinyl Mountain. A copy of pertinent portions of Shamu's Happy Harbor Standard Operating Procedures which was attached to SEA WORLD's responses to Plaintiffs' Request for Production served on June 30, 2003 are attached hereto as Exhibit "B." Specifically, bate-stamped page 0016 provides that adults are allowed to accompany and supervise their children within the perimeter of the Vinyl Mountain. The only limitation bestowed on a parent is that they may not traverse the Vinyl Mountain.

    SEA WORLD's objections to Plaintiffs' request for all incident reports for guests injured while playing in the play area known as the Vinyl Mountain prior to October 4, 2001, should be sustained.

    Federal Rule of Civil Procedure 26(b) states in pertinent part:

> (b)    **Discovery Scope and Limits. Unless otherwise limited by order of the court** in accordance with these rules, …parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party… . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

<u>Federal Rule of Civil Procedure</u> 26(b).

Although Federal courts apply a broad test to determine relevancy in discovery matters, there are limits when a plaintiff seeks discovery concerning prior incidents. Federal courts must determine that the circumstances surrounding the other accidents are similar enough that discovery concerning those incidents is reasonably calculated to lead to the uncovering of substantially similar occurrences. Lohr v. Stanley-Bostitch, Inc., 135 F.R.D. (W.D. Mi 1991); Librardo v. M.S. Carriers, Inc., 2003 U.S. Dist. Lexis 8276 (N.D. Tx 2003).

In Lohr v. Stanley-Bostitch, Inc., 135 F.R.D. 162 (W.D. Mi 1991), plaintiff brought a diversity action against Stanley alleging a defect in the design of a pneumatic stapler. Additionally, plaintiff alleged defendant was negligent in providing a dangerous tool for plaintiff's workplace. Plaintiff was using the pneumatic stapler designed by Stanley, when the stapler inadvertently touched a piece of wood and discharged, thereby causing a ricochet and injuring plaintiff's face. Plaintiff served four (4) requests for production on defendant. Each of the discovery requests sought information concerning past incidents or past claims involving other products manufactured by the defendant. In response, defendant objected to plaintiff's discovery requests asserting that the requests were overly broad and did not fall within the scope of Federal Rule of Civil Procedure 26. Lohr v. Stanley-Bostitch, Inc., 135 F.R.D. 162 (W.D. Mi 1991).

The court acknowledged the distinction between similar accidents for purposes of admissibility at trial and discovery. However, even applying the broader test for discovery and determining from the surrounding circumstances whether the prior instances were similar enough that discovery concerning those incidents would be

3

reasonably calculated to lead to the discovery of substantially similar occurrences, the court upheld defendant's objection.  Specifically, the court held that plaintiff's request for production dated January 12, 1990 sought information for all previous accidents involving facial injures or personal injuries of any kind caused by defendant's products, without regard to the particular product involved.  The court found that the only reason that evidence of prior accidents would be admissible at all, is to demonstrate a substantial similarity between the other instances and the one in question and, therefore, support a reasonable inference of the existence of a dangerous condition.  Accordingly, evidence of other accidents involving completely dissimilar products would not be admissible at trial, and its production and discovery would be abusive.  Lohr v. Stanley-Bostitch, Inc., 135 F.R.D. 162 (W.D. Mi 1991).

In addition to Federal courts, Florida courts have been asked to rule on the discoverability of prior incidents.  Florida courts have held that before similar incidents or accidents are discoverable, the plaintiff must establish that the prior incidents are substantially similar.  Perret v. Seaboard Coastline Railroad, 299 So.2d 590 (Fla. 1974); Caterpillar Industrial, Inc. v. Keskes, 639 So.2d 1129 (Fla. 5th DCA 1994).  The basis for this rule is to prevent plaintiffs from conducting an improper fishing expedition. Caterpillar Industrial, Inc. v. Keskes, 639 So.2d 1129 (Fla. 5th DCA 1994).

In Caterpillar Industrial, Inc. v. Keskes, plaintiff filed suit against Caterpillar, alleging that Caterpillar was negligent in the design of its "T35D" forklift, which tipped over sideways.  Plaintiff claimed that the forklift should have been designed to include seatbelts or guard bars.  Plaintiff requested a copy of all incident reports of tip-overs from 1978 to the present.  At the time, Caterpillar had eighty (89) different models of

forklifts. Caterpillar argued that discovery was overly broad and not reasonably calculated to lead to admissible evidence. The trial court allowed the production of incident reports for seventy-three (73) different models. <u>Caterpillar Industrial, Inc. v. Keskes</u>, 639 So.2d 1129 (Fla. 5th DCA 1994).

The Fifth District Court of Appeals held there still must be a connection between the discovery sought and the injury claimed. The court reasoned that to hold otherwise would allow an improper fishing expedition. Accordingly, the court held that the established rule in Florida is that before similar accidents or incidents are discoverable, the plaintiff must establish that the incidents are substantially similar. Accordingly, while recognizing the general rule of liberal discovery, the court held that the trial court's order was overly broad by encompassing prior incidents of forklift models which were not substantially similar to the forklift model at issue in plaintiff's complaint.

In this case, Plaintiffs argue in their Motion to Compel that SEA WORLD should produce "all incident reports for guests injured while playing in the play area known as the Vinyl Mountain, prior to and subsequent to October 4, 2001", because such information may demonstrate that SEA WORLD was on notice that small children in the play area could get hurt by falling. However, like <u>Lohr</u> and <u>Caterpillar Industrial, Inc.</u>, Plaintiffs' request is overly broad and encompasses documents which are not calculated to lead to the discovery of admissible evidence. As previously stated, Plaintiffs' allegations flow from an injury sustained by a child in a child's play area known as Vinyl Mountain. However, Plaintiffs request incident reports for any guest injured while playing in the play area known as Vinyl Mountain. As previously demonstrated through Shamu's Happy Harbor Standard Operating Procedures attached hereto as Exhibit "B,"

adults were permitted in the perimeter of the Vinyl Mountain and on the padding immediately adjacent to the Vinyl Mountain, to supervise and watch their children. The only "area" in which adults were not permitted was in the actual activity of traversing the Vinyl Mountain. However, parents were able to stand at the base of the plastic mountain and supervise their children's activities. In sum, Plaintiffs' request would encompass incident reports for adults who may have been injured in the area known as Vinyl Mountain. However, such instances would not be relevant to Plaintiffs' allegation of negligent supervision of children.

  Moreover, Plaintiffs seek incident reports for "guests" injured while playing in the play "area" known as the Vinyl Mountain. As previously stated, adults were permitted within the perimeter of the Vinyl Mountain area to accompany and supervise their children. The only "area" in which a parent or guardian could not accompany their child, was in the actual participation by the child in traversing the Vinyl Mountain. Accordingly, Plaintiffs' request encompasses instances in which a child may have been within the play area of Vinyl Mountain and under the direct supervision of his/her parent, but not traversing the Vinyl Mountain. Accordingly, such incidents would not be relevant to Plaintiffs' claim of negligent supervision.

  Moreover, like <u>Caterpillar Industrial</u>, Plaintiffs requests of prior incident reports are not substantially similar to the alleged facts as framed by the Complaint. Plaintiffs' request seeks information regarding injuries which would be wholly unrelated and irrelevant to a claim of negligent supervision, and would amount to nothing more than a fishing expedition. Public policy dictates that Plaintiffs' discovery requests be curtailed to only those prior incidents which may lead to relevant admissible evidence.

Instead, the better practice is for the court to find from the surrounding circumstances, that the only prior incidents which would lead to the discovery of relevant admissible evidence, are those instances where a child may have been injured while actually participating in the activity of traversing the Vinyl Mountain through the use of a rope, and thereafter sliding downward. This finding would promote the policy of liberal discovery while preventing Plaintiffs from abusing the discovery process by requesting prior incident reports which have no relevance to a negligent supervision claim.[2]

In conclusion, Defendant, SEA WORLD's Objections to Plaintiff's Request for Production must be sustained. As demonstrated above, Plaintiffs' requests for all incident reports for guests injured while playing in the play area known as the Vinyl Mountain prior to October 4, 2001, is overly broad. Specifically, guests may encompass adults who were in the area and who may have been injured. Such incidents would not support a negligent supervision claim. Additionally, parents and/or guardians of children playing on the Vinyl Mountain were permitted to accompany their children at all times except in the actual climbing of the plastic mountain. Therefore, any incidents occurring while the child was under the supervision of his or her parent or natural guardian, but not participating in the activity of climbing the Vinyl Mountain, would be irrelevant and not calculated to lead to the discovery of admissible evidence.

---

[2] Defendant employs health care professionals to administer and/or triage guests who may become ill during their visit. To the extent that the court orders production of any prior incident reports, Defendant would argue that the name of the individual, as well as any medical evaluation done by a medical professional employed by SEA WORLD, be redacted to protect the privacy concerns of these unrelated individuals and comply with the requirements of the Health Insurance Portability and Accountability Act of 1996.

Respectfully submitted,

THE DEFENDANT,
SEA WORLD OF FLORIDA, INC.

By_____
    David B. Zabel, Esq.
    Federal Bar No. ct01382
    Cohen and Wolf, P.C.
    1115 Broad Street
    Bridgeport, CT  06604
    Tele: (203) 368-0211
    Fax:  (203) 394-9901
    E-mail: dzabel@cohenandwolf.com

    -and-

    G. MARK THOMPSON, ESQUIRE
    Federal Bar No.  ct24845
    MARSHALL, DENNEHEY, WARNER,
    COLEMAN, & GOGGIN
    A Professional Corporation
    Landmark Center One
    315 E. Robinson Street, Suite 475
    Orlando, FL 32801-2719
    Telephone:   407-246-0668
    Telecopier:   407-839-3008
    E-Mail:  mthompson@mdwcg.com

    Co-Counsel for Defendant,
    SEA WORLD OF FLORIDA, INC.

**CERTIFICATION OF SERVICE**

    I hereby certify that on the date hereof, a copy of the foregoing was served by first class U.S. mail, postage prepaid, and by facsimile transmission, upon all counsel and pro se parties of record, as follows:

William P. Yelenak, Esq.
Garrett M. Moore, Esq.
Moore, O'Brien, Jacques & Yelenak
700 West Johnson Avenue
Suite 207
Cheshire, CT  06410-1135

                                                            _____
                                                              David B. Zabel